■Bigger, J.
This is au action in mandamus brought against the secretary of state by the relator, a corporation organized under the laws of the state of Indiana, by which it is sought to compel the secretary of state to issue to the plaintiff a certificate authorizing it to do business in the state of Ohio, in accordance with its charter, under and by virtue of the provisions of Section 148d, Revised Statutes. The case is submitted to the court upon a demurrer to the petition.
The relator, among other things, states! that it is a foreign corporation organized under the laws of the state of Indiana. Its proposed business, as shown by its charter, a copy of which is attached to the petition and made part thereof, is to *186 aid and protect the medical profession in the practice of medicine and surgery by the defense of physicians and surgeons against civil prosecution for malpractice; by the sale of contracts to physicians and surgeons for a stated and agreed compensation, by which it undertakes and agrees to maintain and manage the defense of the holder of such contracts against any action brought against him for damages for alleged malpractice, in relation to or connected with services performed or which should have been performed within the time covered by the contract, by engaging attorneys and paying-the expenses of such defense. The relator states further that it does not assume to pay any judgment for damages or costs or other judgment rendered against the contract holder, but only agrees to arrange and maintain the defense of the suit brought against the contract holder for malpractice up to the time judgment is rendered therein. A copy of the form of contract made between the company and its contract holders is attached to the petition and made part thereof.
The petitioner states that it has made application to the secretary of state for a certificate authorizing it to do business in this state and has tendered to him the required fee therefor, etc., in compliance with the requirements of the statute, but that the secretary of state refused to issue to the relator such certificate and still refuses to do so, and the relator therefore prays the court to issue an alternative writ of mandamus requiring the said Lewis C. Laylin, as Secretary of State, to show cause why a peremptory writ should not issue requiring him to issue a certificate to the relator authorizing it to transact the proposed business in the state of Ohio. A copy of the proposed agreement with the contract holders is attached to the petition and is as follows:
“In consideration of the written and printed application, which is hereby made a part of this contract, and the sum of ten dollars, receipt of which is hereby acknowledged, being the consideration of one year’s defense, and the further payment' of ten dollars annually in advance on the .......... day of .......... of each year during the life of this contract, the Physicians Defense Company (hereinafter known as company) *187 hereby agrees to defend the legally qualified physician, ...... ............, of the city of.........., county of.........., state of.........., against all civil suits for damages for malpractice, based, on professional services rendered by himself or his agient during the term of this contract, at its own expense, not exceeding twenty-five hundred dollars, in defense of any one suit, nor exceeding in the aggregate five thousand dollars in defense of suits based on services rendered by the holder hereof, within one year from the date "of this contract, or within any one year for which this contract shall be renewed; all in the manner and upon the condition herein below stated, to-wit:
“Immediate notice by telegram must be given the company at the home office at Fort Wayne, Ind., of any suit brought or demand made; and the holder thereof shall immediately forward the summons, or other process served, and the complaint or petition filed; together with a full and.complete history of the case and services rendered.
“Upon receipt of notice from the holder hereof that a suit has been commenced against him for damages for civil malpractice, the company will employ a local attorney in whose selection the holder hereof shall have a voice, who, together with the company’s attorney, will defend the ease without expense to the holder hereof.
“Such defense will be maintained until final judgment shall have been, obtained in favor of the holder hereof, or until all remedies by appeal, writ of error or other legal proceedings shall have been exhausted, or until the sum of twenty-five hundred dollars shall Have been expended in said defense; provided said company shall not be under obligation to expend more than five thousand dollars in the aggregate in the defense of suits based on services rendered, by the holder hereof, during the original one yea-r term or any renewed one year term of this contract.
“Said company does not obligate itself to pay or to assume or to secure the payment of any judgment rendered against the holder Hereof in 'any suit defended by it.
“The company shall not compromise any suit or claim for malpractice against the holder hereof. Nor shall the holder hereof, after the company has entered upon the defense of any such suit in behalf of the contract holder, compromise the same without the consent of the company in writing first thereto had, and by reimbursement of the company of its expenses theretofore incurred.”
*188 There are some other conditions but not material to the decision of the questions presented by this submission.
It is the claim of the attorney-general in support of his demurrer that the relator is not entitled to a certificate under the provisions of Section 14£>d, first, because it proposes to do an insurance business of a kind not recognized by the laws of the state of Ohio; and, second, because the business proposed to be done by the relator under its charter is a professional business and that such business is expressly prohibited to corporations by the laws of this state.
The first question presented, therefore, is this: Does the relator propose to do an insurance business under the provisions of its charter and the form of contract attached to its petition? This question I am of opinion should be answered in the negative. There is, it seems to me, a distinction between an undertaking to afford protection against a threatened loss and an undertaking to indemnify against such loss after it has occurred. By the terms of its charter, the company is not authorized to indemnify a physician or surgeon in case a judgment is obtained against him in a suit for malpractice. By the terms of the contract made between the contract holder and relator it is expressly stipulated that the company will not indemnify against a judgment if one be obtained. The undertaking is only that the relator will in so far as the legal defense is concerned stand between the contract holder and loss resulting from claims for malpractice. It seems to me that there is a clear distinction between an undertaking to ward off any, so far as possible, threatened or apprehended injury and loss and one agreeing to indemnify for such loss after it has occurred, and that were such undertakings to be considered as insurance contracts that it would lead to absurd consequences. For example, one who becomes a passenger upon a railroad train renders himself liable to loss through personal injury resulting from transportation. By the purchase of a pullman ear ticket he for a stated consideration obtains that which affords him a very considerable protection against liability to injury and consequent loss. It is not a contract of indemnity, however, in case of injury and consequent loss, Ip *189 what respect does such a contract differ from the one in question here? One sued for malpractice may defend his own ease and take the added risk on the principle that a man who defends his own case has a fool for a client; and because the converse of the proposition presents a still more palpable truth, the employment of an attorney to make a defense would undoubtedly be a measure of protection against threatened loss, but as it is not in any sense an undertaking to insure or indemnify against a judgment which is a- threatened loss it does not seem to me to be a contract for insurance. I am of opinion, therefore, that the proposed business is not that of insurance.
The next question presented is: Does the relator propose, if admitted to do business in this state to do a professional business? And this question, I think, must be answered in the affirmative.
Section 3235 of Bates’ Annotated Statutes provides corporations may be formed in the manner provided in this chapter for any purpose for which individuals may lawfully associate themselves except for carrying on professional business. If this proposed business be not that of carrying on professional business, then it would be difficult it seems to me to conceive how a corporation can carry on a professional business'. A corporation being an artificial person can act only thrugh agents. The agents proposed to be employed here are lawyers, members of one of the learned professions. Counsel for the relator say that if this objection would apply to the relator, it would certainly apply to every corporation that attempts to employ attorneys and conduct law suits. But there is a wide difference between an attorney making a contract with a corporation to defend it when sued, and a .contract by a corporation with an individual to furnish for him legal services. If that be not what is forbidden by the statute, then I confess I am unable to conceive of a ease which would fall within the statutory inhibition. The contract is plainly a contract between a corporation on the one side and an individual on the other for the furnishing of professional services. While the contract provides that the contract holder is to be consulted about the employment of the legal counsel, it is *190 expressly provided that he is to be employed by the relator and paid by the relator. The corporation can do professional business in no other' way than by employing professional persons to render the service and that is what is here proposed.
Nash, Lentz, Addison & Fritter, B. 8. Taylor and G. M. Niezer, for the relator.
Wade 11. Ellis and George H. Jones, for respondent.
The rule of comity which admits corporations of sister states to do business in this state does not extend to such corporations as propose to do business prohibited by the statute in this state or obnoxious to the policy of our laws. For the reason that the business here proposed is obnoxious to the provisions of Section 3235, Revised Statutes, the secretary of state was warranted in refusing to issue the certificate authorizing it to do business in this state, and the demurrer to the petition must be sustained.